UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **JOSEPH PIARD, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | **NO. 24-40081-MRG** |
| ) | |
| **DONNA LEWIS,** *Correctional Officer*, ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**
**September 17, 2024**

**GUZMAN, D.J.**

Plaintiff Joseph Piard, Jr. who is confined at the North Central Correctional Institution in Gardner, Massachusetts ("NCCI Gardner"), brings this action under 42 U.S.C. § 1983 ("§ 1983") in which he alleges that, due to the inaction of defendant Donna Lewis, who is a correctional officer at NCCI Gardner, he was assaulted by another prisoner. The Court has already granted Piard's motion for leave to proceed *in forma pauperis*, but it has not assessed an initial partial filing fee. For the reasons set forth below, the Court will assess an initial partial filing fee and direct Piard to file an amended complaint if he wishes to proceed with this action.

**I.      Assessment of an Initial Partial Filing Fee**

When a prisoner plaintiff is allowed to proceed *in forma pauperis*, the plaintiff may proceed without prepayment of the $350 statutory filing fee, *see* 28 U.S.C. § 1914(a), and the $55 administrative fee is waived. However, Congress has mandated that the prisoner pay the $350 statutory filing fee over time. Accordingly, pursuant to 28 U.S.C. § 1915(b)(1), the Court must assess an initial partial filing fee of $8.39. The remainder of the $350 statutory filing fee

shall be collected in accordance with 28 U.S.C. § 1915(b)(2).  The Clerk shall provide a Notice for payment of Prisoner Filing Fee and a copy of this order to the treasurer of the institution having custody of Piard.

## II.     Screening of the Complaint

Piard's complaint is subject to an initial screening under 28 U.S.C. § 1915(e)(2) (providing for the screening of a complaint brought by a plaintiff proceeding *in forma pauperis*) and 28 U.S.C. §1915A (providing for the screening of a complaint brought by a prisoner against a government entity or employee).  Under both statutes, a complaint filed in a federal district court may be dismissed on an initial screening if it fails to state a claim upon which relief may be granted.

The Court summarizes the complaint (Doc. No. 1), treating all well-pled factual allegations as true.  Sometime prior to May 29, 2024, NCCI inmate Gonzalez Alex was exposing his genitals and stalking Officer Lewis, who works overnight shifts.  *Id.* at 12.  This conduct by Alex was "very consistent."  *Id.*  Officer Lewis was aware of Alex's conduct "but was reluctant to report it."  *Id.*  Piard told Officer Lewis that, if she did not report Alex's misconduct, he would do so.  *Id.*  However, instead of reporting Alex, Officer Lewis issued a disciplinary infraction against Piard. *Id.*  In addition, Officer Lewis told Alex "to stop doing his disturbing action and that other people are going to report him."  *Id.*

Piard "had enough of [Alex]'s action," and "confronted him saying that if he wants to do this thing to go do it privately."  *Id.*  On May 29, 2024, while Officer Lewis was working the morning shift, Alex followed Piard to the restroom and physically attacked him.  *Id.*  As a result, he "suffered physical an emotional pain such as a broken and swollen toes," a concussion, and

"[e]motional distress by being locked in a [Behavior Assessment Unit] cell 24 hours for 4 days." *Id.*

Piard maintains that "Officer Lewis neglected her duties as a Correctional Officer by not reporting and tolerated inmate [Alex's] disturbing action which leads him to assault and physically attacked Joseph Piard. *Id.* Piard claims that his injuries were the result of "Officer Lewis's negligence." *Id.* Piard seeks $15,000 in damages for the injuries he suffered "[d]ue to Officer Donna Lewis['s] neglecting/reluctant[] action." *Id.* at 5.

Piard brings this action under § 1983, which allows a litigant to recover from a state actor who violated the litigant's federal rights. Piard does not identify, nor can the Court discern, the federal right that Officer Lewis allegedly violated.

Challenges to a prisoner's conditions of confinement generally arise under the Eighth Amendment, which prohibits the imposition of "cruel and unusual punishments," U.S. Const. amend. VIII. "Prison officials must take reasonable measures to guarantee inmates safety from attacks by other inmates," and "[a]n inmate may sue [prison officials] under the Eighth Amendment for failure to afford adequate protection to inmates from attack by other inmates." *Calderon-Ortiz v. LaBoy-Alvarado*, 300 F.3d 60, 63–64 (1st Cir. 2002). "Nevertheless, not every injury a prisoner suffers at the hands of another prisoner is actionable." *Id.* at 64.

"Prison officials violate the constitutional conditions of confinement only where two requirements are met." *Id.* In a failure to protect case, the first requirement is that "the conditions of incarceration pose a substantial risk of serious harm." *Id.* The second requirement is that the defendant acted with "'deliberate indifference' to an inmate's health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference entails something more than mere negligence." *Id.* It is a subjective standard that is met "only if the

official 'knows of and disregards an excessive risk to inmate health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quoting *Farmer*, 511 U.S. at 837); *see also Alsina-Ortiz v. Laboy*, 400 F.3d 77, 82 (1st Cir. 2005) ("Willful blindness and deliberate indifference are not mere negligence.").

Here, Piard's allegations do not state a violation of the Eighth Amendment. Officer Lewis's decision to not issue a disciplinary infraction against Alex did not pose an excessive risk to Piard's health or safety, however repugnant Alex's conduct was to the plaintiff. Rather, based on Piard's allegations, the excessive risk to his safety was self-created when he confronted Alex. Further, even according to Piard, Officer Lewis was negligent—not deliberately indifferent.

Thus, Piard's complaint is subject to dismissal because it fails to state a claim upon which relief may be granted. Although it is unclear how, under the alleged facts, Piard could sufficiently plead a violation of his federal rights, the Court will give him an opportunity to file an amended complaint if he feels he can cure this pleading deficiency. For the Court to have subject matter jurisdiction over this action, Piard must state at least one claim arising under federal law. *See* 28 U.S.C. § 1331.[1]

## III.   Conclusion

In accordance with the foregoing, the Court hereby orders:

1.   The Court assesses an initial partial filing fee of $8.39. The remainder of the fee shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall provide a Notice

---

[1] In the absence of a claim arising under federal law, the Court could only exercise jurisdiction over a state claim (including a claim for negligence) if the plaintiff and the defendant resided in different states and the amount of controversy in the lawsuit exceeded $75,000. *See* 28 U.S.C. § 1332. These requirements are not met under the alleged facts.

for payment of Prisoner Filing Fee and a copy of this order to the treasurer of the institution having custody of Piard.

2.      If Piard wishes to proceed with this action, he must file an amended complaint in which he states a claim for relief under federal law.  Failure to do so within forty-two (42) days will result in dismissal of this action.

**So Ordered.**

    /s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 17, 2024