UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH PIARD, JR., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 24-40081-MRG |
| DONNA LEWIS, *Correctional Officer*, | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER**
**February 13, 2025**

**GUZMAN, D.J.**

Plaintiff Joseph Piard, Jr. who is confined at the North Central Correctional Institution in Gardner, Massachusetts ("NCCI Gardner"), brings this action under 42 U.S.C. § 1983 ("§ 1983") in which he alleges that, due to the inaction of defendant Donna Lewis, who is a correctional officer at NCCI Gardner, he was assaulted by another prisoner. For the reasons set forth below, the Court DISMISSES this action.

**I.      Review of the Original Complaint**

In his original complaint (Doc. No. 1), Piard alleged that inmate Gonzalez Alex exposed his genitals and stalked Officer Lewis during her night shift. Officer Lewis was aware of Alex's conduct "but was reluctant to report it." *Id.* at 12. Piard told Officer Lewis that, if she did not report Alex's misconduct, he would do so. *Id.* However, instead of reporting Alex, Officer Lewis issued a disciplinary infraction against Piard. Piard "had enough of [Alex]'s action," and "confronted him saying that if he wants to do this thing to go do it privately." *Id.* Sometime thereafter, Alex followed Piard to the restroom and physically attacked him. *Id.*

On September 17, 2024, the Court issued an order in which it directed Piard to file an amended complaint if he wished to proceed with this action. (Doc. No. 8). The Court found that the complaint failed to state a claim upon which relief could be granted because Officer Lewis's decision to not issue a disciplinary infraction against Alex did not pose an excessive risk to Piard's health or safety and that Officer Lewis had not acted with deliberate indifference.

## II.    Amended Complaint

On September 26, 2024, Piard filed an amended complaint. (Doc. No. 11). The statement of his claim consists of the following allegations:

> On May 29, 2024 inmate Gonzalez Alex did attack and assault inmate Piard. Prior to this incident, Gonzalez was exposing his genitals and stalking Officer Lewis who works overnight shifts. Officer Lewis was aware of Gonzalez's conduct and the verbal alteration that I had with Gonzalez when I confronted him. Then I went and told Officer Lewis that if she does not report inmate Gonzalez's behavior to the IPS, I would do so to the Massachusetts Department Corrections of Internal Affairs. Instead of taking reasonable measures, Officer Lewis wrote me up. Later on, she went and told Gonzalez that other people will report him if he does not stop doing his disturbed actions. Eventually, Gonzalez followed me to the restroom and attacked me.

*Id.* at 12 (cleaned up). In his request for relief, Gonzalez asserts that "Officer Lewis acted deliberately indifferent to Assault where she had notice of the inmate Gonzalez's action and the verbal altercation and did nothing or failed to take additional measures to prevent the assault from happening." *Id.* Piard claims that Officer Lewis's failure to report was done in retaliation for [the] lawsuit and grievances about guard misconduct." *Id.*

## III.    Filing of a Notice of Appeal

On November 6, 2024 Piard filed a document titled "Notice of Appeal," wherein he states: "Notice is hereby given that the plaintiff, being aggrieved by certain opinions, ruling, judgment of the Court this date, hereby appeals pursuant to Mass. R. Civ. P. (3)." (Doc. No 13

2

at 1) (cleaned up).  Piard does not identify the particular opinion, ruling, or judgment he seeks to appeal.

Notwithstanding the filing of the notice of appeal, the Court may continue to exercise jurisdiction over this action.  In general, "the filing of a notice of appeal divests the district court of jurisdiction over matters related to the appeal." *Acevedo-Barcia v. Vera-Monroig*, 368 F.3d 49, 58 (1st Cir. 2004).  However, "the district court can proceed, notwithstanding the filing of an appeal, if the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on an unappealable order)." *Rivera-Torres v. Ortiz Velez*, 341 F.3d 86, 96 (1st Cir. 2003) (quoting *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998)).

In this case, there is no question that Piard's notice of appeal is patently defective because the Court has not made any order that is appealable at this juncture of the litigation.  The Court has entered three orders in this case:  (1) an order requiring him to pay the filing fee or seek leave to proceed *in forma pauperis* (Doc. No. 3); (2) an order granting his motion for leave to proceed *in forma pauperis* (Doc. No. 7); and (3) the September 8, 2024 order in which the Court assessed an initial partial filing fee and directed him to file an amended complaint (Doc. No. 8).  None of these orders constitute a final judgment, *see* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decision of the district courts of the United States."[1]), or are otherwise immediately appealable.[2]  The Court therefore retains jurisdiction over the action.

---

[1] "The statute actually uses the term 'final decision,' but a final decision is equivalent to a final 'judgment.'" *Diaz-Reyes v. Fuentes-Ortiz*, 471 F.3d 299, 300 n.3 (1st Cir. 2006).

[2] Under the so-called "collateral order doctrine," an interlocutory order may be appealed immediately if it "finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Asociación de Subscripción Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores*

IV.     **Review of the Amended Complaint**

There is no material difference between the statement of the claim in the original complaint and the amended complaint.  Piard's allegation that Lewis knew of his altercation with Alex does not "allow the court to draw the reasonable inference" that Piard knew Alex posed an excessive risk to Piard's safety or that she acted with deliberate indifference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Piard's conclusory allegations that Lewis acted "deliberately indifferent" and with a retaliatory intent are not sufficiently supported by factual content.  In other words, Piard's amended complaint fails to state a claim upon which relief may be granted because the pleading does not "state a claim that is plausible on its fact." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[3]

V.      **Conclusion**

In accordance with the forgoing, the Court orders that this action be DISMISSED for failure to state a claim upon which relief may be granted.

**So Ordered.**

        /s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 13, 2025

---

*Galarza*, 479 F.3d 63, 75 (1st Cir. 2007)   (quoting *Espinal-Dominguez v. Puerto Rico*, 352 F.3d 490, 495 (1st Cir. 2003)).  Certain interlocutory orders are also immediately appealable under 28 U.S.C. § 1292(a)-(b).  However, neither the "collateral order doctrine" nor 28 U.S.C. § 1292 is applicable to the three orders the Court has issued in this action.

[3] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).